UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANDREW N. MARTIN-SMITH; ANTHONY DAVIS; STEVEN D. PHELPS; MARTIN L. MUMMERT; KENNETH MORELAND; RICHARD D. SWAN, III; ANGEL B. SORIANO,<br><br>        Plaintiffs,<br><br>vs.<br><br>RANCOR SERVICES GROUP, INC.,<br><br>        Defendant. | Case No.: 2:10-cv-00403-PMP-LRL<br><br>**O R D E R** |

Before the court is plaintiffs' Motion to Compel, Strike Defendant's Pleadings, and for an Award of Attorney Fees (#36). The court has considered the motion (#36), defendant's Opposition (#38), and plaintiff's Reply (#41).

**Background**

This dispute arises from plaintiffs' allegations that defendant violated provisions of the Fair Labor Standards Act, the Worker Adjustment Retraining Notification Act, and various other labor laws. Defendant provides security services to the Veterans Administration ("VA") in and around Las Vegas, Nevada. Plaintiffs, and approximately 73 others, worked as security guards for defendant at those VA sites.

On January 26, 2011, plaintiffs sent their Second Request for Production of Documents to defendant's counsel, Kumen Taylor. Mot. (#36) at Exh. 1. On March 16, 2011, plaintiffs sent their

Third Request for Production of Documents. *Id.* at Exh. 2. Taylor represents to the court that during the course of discovery he spoke to plaintiffs' counsel, Christopher Marchand, on several occasions informing him that defendant was having difficulty finding responsive documents. Opp'n (#38), Exh. A, Aff. of Kumen Taylor at ¶ 3. Defendant requested multiple extensions of time and finally responded to the Second Request on March 22, 2011. Mot. (#36) at Exh. 3. However, plaintiffs contend that the responses were deficient.

On March 28, 2011, Marchand sent Taylor a letter notifying him of the deficiencies. Mot. (#36) at Exh. 4. Marchand requested updated responses no later than April 1, in order for plaintiffs to properly respond to defendant's pending Motion for Partial Summary Judgment (#25). However, defendant did not supplement its response, which prompted Marchand to dispatch another letter to Taylor on May 26, 2011, informing him of plaintiffs' intent to file a motion requesting the appropriate relief. *Id.* at Exh. 5.

Taylor was informed of the May 26 letter and directed his secretary to supplement defendant's responses with all available documents. The next day, defendant dispatched its supplemental response to plaintiffs' Second Request with a blanket objection that the requests were overbroad and referred to the same range of 1,174 pages of documents previously submitted. *Id.* at Exh. 6. Plaintiffs claim that the 1,174 pages of documents were largely irrelevant to their requests. For this reason and because defendant failed to respond to plaintiffs' Third Requests in any fashion, Plaintiffs filed this motion days later on June 2, 2011.

According to the Opposition (#38), defendant once again supplemented its responses on June 6, 2011, after Taylor realized some documents were previously overlooked. Opp'n (#38), Taylor Aff. at ¶ 17-19. On June 10, 2011, Taylor states that he spoke to Marchand who represented that defendant's June 6 Supplement was now sufficient. *Id.* at ¶ 26. In the Reply (#41), Marchand confirms that the June 6 Supplement was sufficient. Although Marchand purportedly indicated to Taylor that he intended to withdraw this motion, plaintiffs are still seeking relief from the court.

. . .

2

AO 72
(Rev. 8/82)

**Discussion**

Motion to Compel (#36)

Plaintiffs filed this motion praying for, *inter alia*, an order directing defendant to fully respond to their discovery requests. Defendant has now adequately responded to Plaintiffs' requests. Therefore, this portion of Plaintiff's motion is now moot, and the court denies it as such.

Motion to Strike Defendant's Pleadings

Plaintiffs also ask the court to strike defendant's pleadings due to its failure to provide the requested documents in a timely manner. Despite defendant's eventual compliance with plaintiffs' requests for production and the lack of a previous court order compelling discovery, plaintiffs argue that defendant wilfully engaged in bad faith conduct and unnecessarily delayed this matter. Plaintiffs therefore argue they have been prejudiced in such a way that dismissal is warranted.

Although Rule 37(d)(3) authorizes the court to sanction a party by striking its pleadings, the court may decide in the alternative to impose reasonable expenses on the party failing to act. In addition, the Ninth Circuit has held that "[d]ismissal under Rule 37(b) is appropriate only for failure to comply with a court order compelling discovery." *Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991). In this case, the court finds that striking defendant's pleadings would be an extreme and inappropriate sanction because defendant was not in violation of a discovery order. Plaintiffs' request will be denied.

Motion for an Award of Attorney Fees

Finally, plaintiffs ask the court to award their attorney's fees for having to bring this motion. Plaintiffs assert that it took the filing of the present motion in order for defendant to become responsive; therefore, an award of reasonable expenses, including attorney's fees, is appropriate. In opposition, defendant argues that it was diligent in completing discovery and the parties represented as much to the court in their Stipulation to Extend Discovery (#34). Further, defendant asserts that attorney fees are not appropriate because Marchand was satisfied with defendant's supplemental responses and initially indicated that he would withdraw the motion. Because plaintiffs' received the

AO 72
(Rev. 8/82)

1    full and complete responses in time to respond to the pending motion, defendant maintains that an
2    award of attorney's fees is not appropriate.

3      Pursuant to Rule 37, the court *must* require the party whose conduct necessitated the motion
4    "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."
5    Fed. R. Civ. P. 37(a)(5)(A).  Nevertheless, an award of expenses or fees is not appropriate if: (1) the
6    moving party filed the motion before making a good faith effort to obtain the discovery without court
7    action; (2) the opposing party was substantially justified in its conduct; or (3) an award of expenses
8    would be unjust.  Fed. R. Civ. P. 37(a)(5)(A)(i–iii).

9      Here, the record before the court supports plaintiffs' contention that defendant would not have
10   properly responded to their requests for production without court intervention.  Defendant does not
11   argue that it was substantially justified in its conduct or that plaintiffs failed to make a good faith effort
12   to obtain the requested discovery before filing their motion.  Defendant simply contends that
13   attorney's fees are not warranted because it eventually complied.  This argument, however, is
14   insufficient to escape Rule 37(a)(5)(A)'s mandatory language for reasonable expenses.  The court
15   finds that plaintiffs' motion was necessary to prompt defendant to supplement its responses or
16   otherwise respond.  Plaintiffs are therefore entitled to reasonable attorney fees.

17     Accordingly, and for good cause shown,
18     IT IS ORDERED that the plaintiffs' Motion to Compel (#36) is DENIED as moot.
19     IT IS FURTHER ORDERED that plaintiffs' request to strike defendant's pleadings is
20   DENIED.
21   . . .
22   . . .
23   . . .
24   . . .
25   . . .
26   . . .

IT IS FURTHER ORDERED that plaintiff's request for an award of attorney fees is GRANTED.  Defendant shall pay the reasonable expenses, including attorney's fees and costs, incurred by plaintiffs in making the motion.  Plaintiffs will have ten (10) days from the date of this order to file a detailed affidavit of fees and costs.  Defendant will have ten (10) days thereafter to file a response to plaintiffs' affidavit of fees and costs.

DATED this 18th day of July, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**