# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANDREW N. MARTIN-SMITH; ANTHONY DAVIS; STEVEN D. PHELPS; MARTIN L. MUMMERT; KENNETH MORELAND; RICHARD D. SWAN, III; ANGEL B. SORIANO,<br><br>     Plaintiffs,<br><br>vs.<br><br>RANCOR SERVICES GROUP, INC.,<br><br>     Defendant. | Case No.: 2:10-cv-00403-PMP-LRL<br><br>**O R D E R** |

  Before the court is plaintiffs' Bill of Costs (#51), filed pursuant to the court's Order (#48) granting in part plaintiffs' Motion to Compel, Strike Defendant's Pleadings, and for an Award of Attorney Fees (#36). The court has also considered defendants' Objection to Plaintiffs' Bill of Costs (#52). For the following reasons, plaintiffs' attorneys fees will be reduced.

  Once the court has determined that a party's conduct justifies a monetary award pursuant to Rule 37, the court will determine whether the movant's proffered expenses and attorney's fees are reasonable. *See* Fed. R. Civ. P. 37(a)(5)(A). Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Next, the court decides whether to adjust the lodestar calculation based on an evaluation of the factors the Ninth Circuit articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th

Cir. 1975).[1]  The court need not evaluate each of the twelve factors. *Edwards v. Nat'l Bus. Factors, Inc.*, 897 F. Supp. 458, 460 (D. Nev. 1995). "It is sufficient if the record shows that the court considered the factors called into question by the case at hand and necessary to support the reasonableness of the fee award." *Id.* (quoting *Newhouse v. Robert's Ilima Tours, Inc.*, 708 F.2d 436, 441 (9th Cir. 1983)).

Plaintiffs attorney, Christopher Marchand, requests reimbursement of attorneys' fees and costs at the rate of $275 per hour for 8.25 hours and $500 per hour for one hour, totaling $2,764.75. Of the 9.25 hours billed, Mr. Marchand shows 6.5 hours for drafting and revising the motion to compel.

**Reasonable Hourly Rate**

Courts consider the experience, skill, and reputation of the attorney requesting fees when determining the reasonableness of an hourly rate. *Webb v. Ada County*, 285 F.3d 829, 840 (9th Cir. 2002) (quoting *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210–11 (9th Cir. 1986)). A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community. *Id*. "The party seeking an award of fees should submit evidence supporting the . . . rates claimed." *Hensley*, 461 U.S. at 433; *see also Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987).

Here, Plaintiffs do not submit any evidence supporting the reasonableness of the rates claimed; in particular, the $500 hourly rate. Plaintiffs do not show that a different, more experienced attorney worked on this motion to explain the difference in rates. Instead, only Mr. Marchand is listed. Based on this court's knowledge of the standard hourly rates for attorneys with comparable experience, skill, and reputation, the court finds that Mr. Marchand's requested hourly rate of $500 is not reasonable. However, Mr. Marchand's $275 hourly rate is in-line with the prevailing market rate. The court, therefore, will only use the $275 hourly rate to calculate the lodestar amount.

---

[1] The factors set forth in *Kerr* are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

**Reasonable Hours Expended**

In addition to evidence supporting the rates claimed, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433; *see also Jordan*, 815 F.2d at 1263. The court should exclude "hours that were not reasonably expended" from its fee calculation. *Hensley*, 461 U.S. at 433–34 (citation omitted). "In other words, the court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards*, 897 F. Supp. at 460–61 (quotation omitted). Thus, "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

Defendant argues that the 6.5 hours Mr. Marchand billed for drafting the motion to compel is excessive because the motion was merely eight pages, contained large portions of quoted materials from the disputed discovery requests, and lacked any substantial analysis. The court agrees with defendant. Further supporting defendant's position, the court notes that Mr. Marchand billed 1.5 hours for revising the motion on June 3, 2011, which is the day *after* he filed the motion. As a result, the Court is not convinced that all of Mr. Marchand's billing entries should be allowed. The court, therefore, finds it appropriate to reduce Mr. Marchand's billing entries to 4.5 hours to properly reflect the number of hours reasonably expended on the litigation.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiffs' request for an award of attorney fees is GRANTED to the extent that defendant shall, not later than October 18, 2011, pay to plaintiff the sum of **$1,237.50** as the reasonable attorneys' fees and costs incurred by the plaintiffs in connection with the defendant's failure to supplement its responses to plaintiffs' requests for production without court intervention.

DATED this 22nd day of August, 2011.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**